UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA,               )<br>                                        )<br>            v.                          )<br>                                        )<br>GERARDO VASSEUR ORTIZ,                  )<br>a/k/a Scarface, ET AL,                  )<br>            Defendants,                 )<br>                                        ) | **CRIMINAL ACTION**<br>**NO. 04-1685-CBS** |

ORDER OF DETENTION
July 19, 2004

**SWARTWOOD, M.J.**

I. Background

On February 26, 2004, a Criminal Complaint was filed, charging multiple individuals, including Gerardo Vasseur Ortiz, a/k/a Scarface ("Mr. Ortiz")(collectively "Defendants"), with conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §846.

At Mr. Ortiz's initial appearance on May 3, 2004, he was advised of his right to a preliminary examination in accordance with Fed. R. Crim. P. 5.1 and the Government moved for a detention hearing in accordance with 18 U.S.C. §§3142(f)(1)(B)(the offense charged provides for a maximum penalty of life imprisonment),(f)(1)(C)(Mr. Ortiz is charged with an offense for

which a maximum term of imprisonment of ten years or more is prescribed in the "Controlled Substances Act"), and (f)(2)(A)(risk of flight). With respect to Mr. Ortiz, a probable cause hearing was held on June 23, 2004. Following the probable cause hearing, Mr. Ortiz requested and was granted a continuance to complete the detention portion of his hearing.

On June 25, 2004, I issued a Memorandum of Probable Cause finding that Mr. Ortiz was a part of the cocaine conspiracy charged in this Complaint.

On July 14, 2004, a hearing on the Government's motion to detain Mr. Ortiz was concluded.

## II.  The Bail Reform Act

### A.  Discussion of the Bail Reform Act

Under 18 U.S.C. § 3142 ("The Bail Reform Act" or "the Act"), the judicial officer shall order that, pending trial, the Defendant be (1) released on his own recognizance or upon execution of an unsecured bond; (2) released on a condition or combination of conditions; (3) temporarily detained to permit revocation of conditional release, deportation, or exclusion; or (4) detained. 18 U.S.C. § 3142(a). Under the Act, the judicial officer may detain a person pending trial only if, after a detention hearing held pursuant to 18 U.S.C. § 3142(f), the judicial officer determines that "no condition or combination of conditions [set forth under 18 U.S.C. § 3142 (b) or (c)] will reasonably assure the appearance of the person as required and the safety of any other person and the

community". 18 U.S.C. § 3142(e).  The Supreme Court, in United States v. Salerno, 481 U.S. 739, 747, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987) has cautioned that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." Id. at 755, 107 S.Ct. at 2105. For this reason, the Defendant may be detained only if the judicial officer finds by (1) clear and convincing evidence, that the Defendant is a danger to the community, or (2) a preponderance of the evidence, that the Defendant poses a risk of flight. See 18 U.S.C. § 3142 (f); United States v. Jackson, 823 F.2d 4-5 (2d Cir. 1987); United States v. Berrios-Berrios, 791 F.2d 246, 250 (2d Cir. (1986), cert. denied, 479 U.S. 978, 107 S.Ct. 562, 93 L.Ed.2d 568 (1986). See also United States v. Patriarca, 948 F.2d 789, 792-93 (1st Cir. 1991). Furthermore, the judicial officer "may not impose financial condition that results in the pretrial detention of the person". 18 U.S.C. § 3142 (c).

The Bail Reform Act establishes a two step procedure for making the determination that the Defendant should be detained. First, the Government is entitled to move for detention where the Defendant has been charged with one of the offenses enumerated in the statute for which Congress has determined that detention is warranted. See 18 U.S.C. § 3142 (f)(1). The Government may also move for detention, or the judicial officer may on his or her own motion move for detention, where the case involves a serious risk that the Defendant will flee or that the Defendant will obstruct or

attempt to obstruct justice. 18 U.S.C. § 3142(f)(2). Second, the judicial officer must determine whether any condition or combination of conditions will adequately ensure the appearance of the Defendant and the safety of the community against any danger posed by the Defendant's pretrial release. See United States v. Friedman, 837 F.2d 48, 49 (2d Cir. 1988).

In meeting its burden on the issue of whether any condition or combination of conditions of release will reasonably assure the appearance of the person as required and the safety of the community, the Government is aided by the statutory presumptions created by 18 U.S.C. 3142(e). Where the offense charged is one of the offenses enumerated in Section 3142(f)(1), Section 3142(e) creates the rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of the community if the judicial officer finds that: (1) the Defendant has been convicted of a federal offense that is described in Section 3142(f) or an offense under state law that would have been an offense described in Section 3142(f)(1) if federal jurisdiction had existed, (2) such offense was committed while the person was on release pending trial for a federal, state or local offense, and (3) a period of not more than five years has elapsed since the date of conviction or release from imprisonment for such offense. Section 3142(e) also creates the rebuttable presumption that no condition or combination of conditions will ensure the safety of the community and the appearance of the Defendant if the judicial

officer finds that there is probable cause to believe that the Defendant committed an offense: (1) for which a maximum term of imprisonment of ten years or more is prescribed (a) in the Controlled Substances Act, (b) the Controlled Substances Import and Export Act, or (c) the Maritime Drug Enforcement Act; or (2) under 18 U.S.C. § 924(c). In order to rebut either presumption, the Defendant must produce "some evidence" to the contrary. <u>United States v. Jessup</u>, 752 F.2d 378, 384 (1st Cir. 1985).

In making the determination as to whether "any condition or combination of conditions will reasonably assure the appearance of the [Defendant] as required and the safety of any other person and of the community", the judicial officer is compelled to consider the following factors:

    (1)   the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

    (2)   the weight of the evidence against the person;

    (3)   the history and characteristics of the person, including:

        a.   the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

        b.   whether, at the time of the current offense or arrest, he was on probation, on parole, or other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

> (4) the nature and seriousness of the danger to any other person or the community that would be posed by the person's release . . . .

18 U.S.C. § 3142(g).

### III. Discussion of Whether Detention is Warranted

#### A. Mr. Ortiz's History and Characteristics

Mr. Ortiz is known to me by his real name (Ortiz) in which he is a named Defendant in the cocaine conspiracy which is the subject of this Criminal Complaint and by the name of Alejandro Rosa, who had previously been charged in this Court with passport fraud. That case has subsequently been dismissed. However, Mr. Ortiz was arrested as Alejandro Rosa in the District of New Jersey on the passport fraud complaint filed in this Court and was interviewed by Pretrial Services in the District of New Jersey. During that interview, Mr. Ortiz stated that his name was Alejandro Rosa and that he was born in San Domingo, Dominican Republic on June 25, 1974. Records at the Bureau of Immigration and Customs Enforcement confirm that a person by the name of Alejandro Rosa who has an alias of Gerardo Vasseur Ortiz entered the United States on August 5, 1993 and is a permanent resident alien.

Mr. Ortiz's parents reside in Lynn, Massachusetts and two brothers and one sister reside in Massachusetts.

Mr. Ortiz reported to Pretrial Services that he has never been married, but has three children, ages eleven, eight and one from three different relationships. Two of these children reside with their mothers in Massachusetts and one child lives with her mother

in New York.  Mr. Ortiz's girlfriend, however, reports that Mr. Ortiz has four children from four different relationships.

Mr. Ortiz was arrested in the District of New Jersey, and reported to Pretrial Services that prior to being in New Jersey, he lived with his parents in Lynn, Massachusetts.  However, at the time of the Pretrial Services' interview in New Jersey, Mr. Ortiz's girlfriend advised Pretrial Services that Mr. Ortiz had lived with his sister in Lynn, Massachusetts for the last four years.

In 1997, Mr. Ortiz received a sentence of community service for possession of a Class D controlled substance and in 1999, Mr. Ortiz also received a sentence of community service for resisting arrest and continuance without a finding for disorderly conduct. On April 10, 2001, Mr. Ortiz was charged with possession of a Class D controlled substance, possession of a controlled substance in a school zone and possession with intent to distribute a Class A controlled substance.  Mr. Ortiz has failed to appear in those cases which have resulted in outstanding warrants.  Additionally, on July 24, 2001, Mr. Ortiz was charged with two additional drug related offenses and there are warrants outstanding with respect to those offenses.

On February 23, 2004, Mr. Ortiz was arrested in Fort Lee, New Jersey and charged with money laundering.  Bail was set in that case in the amount of $50,000.  Mr. Ortiz provided a $50,000 bond and was released to a federal detainer in connection with the

passport fraud Complaint then pending in this Court and now dismissed.

B. <u>Nature of the Offense and Weight of the Evidence</u>

I have previously found probable cause for the offense charged against Mr. Ortiz in this Complaint. Mr. Ortiz was intercepted on the telephone talking to Mr. Valentin Martinez, who instructed him to go to Bob Carburetor/Bob's Auto Sales to make payment for a previous cocaine delivery. Shortly after this conversation, law enforcement officials surveilling Bob's Carburetor/Bob's Auto Sales, observed Mr. Ortiz enter the business and a few minutes later leave the business. Mr. Ortiz was also intercepted making arrangements for a drug transaction. Because of suspected police surveillance, that transaction never occurred. Under these circumstances, I find that the weight of the evidence against Mr. Ortiz is significant.

C. <u>Rebuttable Presumption</u>

The United States has moved for detention pursuant to 18 U.S.C. §§ 3142(f)(1)(B), (f)(1)(C) and (f)(2)(A). The Government must prove that there is no condition or combination of conditions that would reasonably assure the safety of any other person or the community if Mr. Ortiz were released, or the appearance of Mr. Ortiz as required.

The rebuttable presumption created by 18 U.S.C. § 3142(e) applies in this case, because Mr. Ortiz is charged with a drug offense for which a maximum penalty of ten years or more is

prescribed in the Controlled Substances Act. I have found probable cause exists for the offense charged against Mr. Ortiz in the Complaint. Therefore, I find that under 18 U.S.C. §3142(e), there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of Mr. Ortiz or the safety of the community if he were released. I find that Mr. Ortiz has not produced nor proffered any credible evidence on his own behalf to rebut this presumption. Without such evidence, the presumption alone may justify detention. <u>United States v. Alatishe</u>, 768 F.2d 364, 371 (D.C. Cir. 1985); <u>United States v. Vires</u>, 637 F. Supp. 1343, 1351 (W.D.Ky. 1986). Although I have determined that Mr. Ortiz has failed to rebut the presumption, for the sake of completeness, I will examine the Government's assertion that he poses a danger to the community and a risk of flight.

### D.  <u>Burden of Proof</u>

The United States has moved for detention pursuant to 18 U.S.C. §§ 3142(f)(1)(B), (f)(1)(C) and (f)(2)(A). The Government must prove that there is no condition or combination of conditions that would reasonably assure the safety of any other person or the community if Mr. Ortiz were released, or the appearance of Mr. Ortiz as required.

The Government's burden of proof is by:

    1.    *Clear and convincing evidence* that Mr. Ortiz, if released, would pose a serious danger to any person or the community, or

    2.    A *preponderance of the evidence* that Mr. Ortiz, if released, would not appear as required.

  E.  <u>Whether Mr. Ortiz Poses A Danger to the Community</u>

Mr. Ortiz has been charged in state court on several occasions for drug related offenses. However, Mr. Ortiz does not have a record of convictions, other than a marijuana conviction that was resolved through community service and therefore, based on the offense charged in this Complaint and the evidence presented in support of the offense charged in this Complaint, I rely on the rebuttable presumption in finding by clear and convincing evidence that Mr. Ortiz is a danger to the community and that there are no conditions or combination of conditions that I can impose that will assure the safety of any person or persons in the community if he were released.

F. <u>Whether Mr. Ortiz Poses A Risk Of Flight</u>

I find by a preponderance of the evidence that Mr. Ortiz poses a risk of flight and are no conditions or combination of conditions that I may impose that will assure his appearance in Court as required. I base that finding on the following factors: (1) Mr. Ortiz is a permanent resident alien who is subject to deportation following any sentence he may serve if found guilty of the offense charged in this Complaint; (2) Mr. Ortiz has used, with some success, the alias of Alejandro Rosa; (3) Mr. Ortiz has a Dominican passport; (4) Mr. Ortiz has numerous outstanding warrants for failure to appear in State Court on drug related offenses; and (5) there is circumstantial evidence to support a conclusion that Mr. Ortiz fled to New Jersey to avoid arrest in Massachusetts on outstanding drug offenses.

IV. <u>Order of Detention Pending Trial</u>

In accordance with the foregoing memorandum,

IT IS ORDERED:

1. That Mr. Ortiz be committed to the custody of the Attorney General or his designated representative, for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. That Mr. Ortiz be afforded a reasonable opportunity for private consultation with counsel; and

3. On order of a court of the United States or on request by an attorney for the Government, the person in charge of the corrections facility in which Mr. Ortiz is detained and confined shall deliver Mr. Ortiz to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

RIGHT OF APPEAL

THE PERSON OR PERSONS DETAINED BY THIS ORDER MAY FILE A MOTION FOR REVOCATION OR AMENDMENT OF THE ORDER PURSUANT TO 18 U.S.C. § 3145(b).

/s/Charles B. Swartwood, III
CHARLES B. SWARTWOOD, III
MAGISTRATE JUDGE